GAETHKE, and wife, Appellants, v. TOWN BOARD, TOWN OF CLAY BANKS, Respondent.

Supreme Court

*No. 76–133. Submitted on briefs October 4, 1978.—*
*Decided January 9, 1979.*
(Also reported in 273 N.W.2d 764.)

For the appellants the cause was submitted on the brief of *Paul L. Jonjak* and *Jonjak, Havens & Kase* of Sturgeon Bay.

For the respondents the cause was submitted on the brief of *S. Dean Pies* and *Miller, Pies, Blazkovec & Evans* of Algoma.

DAY, J.   This is an appeal from a judgment entered October 5, 1976, upholding the action of the respondent Town Board extending a town road over land belonging to Edmund and Lorena Gaethke, his wife, appellants, to serve as access to the property of another.

The question on appeal is, did the Town Board of the Town of Clay Banks, Door County, abuse its discretion by laying out a public highway over the private lands of the Gaethkes for the purpose of providing Gary Dantoin, owner of a landlocked parcel access to a public highway under sec. 80.13 Stats. (1973) ?

Mr. Gary Dantoin purchased a 450 foot by 450 foot parcel of land from Goldie Mueller. The Dantoin parcel was bordered on the west and south by the Mueller property, on the north by the Gaethke property and on the east by property belonging to Gamrath. The nearest public highway was a town road whose southwest corner terminated at the northeast corner of the Dantoin parcel. The southern boundary of the Mueller property was County Highway "J." (see Fig. 1 below).

Fig. 1

On October 20, 1973, Dantoin, pursuant to sec. 80.13
(1)[1] presented to the Town Board an affidavit stating

[1] "80.13 **Land excluded from highway.** (1) When any person
shall present to the supervisors of any town an affidavit satisfy-
ing them that he is the owner or lessee of real estate (describ-
ing the same) within said town, and that the same is shut out
from all public highways, other than a waterway, by being sur-
rounded on all sides by real estate belonging to other persons,
or by such real estate and by water, or that he is the owner or
lessee of real estate (describing the same) and of a private way
or road leading from said real estate to a public highway but
that such road or way is too narrow, giving its width, to afford
him reasonable access to and from said real estate to said public
highway, that he is unable to purchase from any of said persons
the right of way over or through the same to a public highway, or
that he is unable to purchase from the owner or owners of land on
either or both sides of his way or road land to make such way or
road of sufficient width, or that it cannot be purchased except at
an exorbitant price, stating the lowest price for which the same
can be purchased by him, the said supervisors shall appoint a
time and place for hearing said matter, which hearing shall be
after ten days and within thirty days of the receipt of said af-
fidavit.

"(2) Notice of the time and place of meeting shall be served
as required by s. 80.05 and published as a class 2 notice under
ch. 985.

"(3) The supervisors shall meet at the appointed time and
place and shall then in their discretion proceed to lay out such
highway of not more than three nor less than two rods in width
to such real estate, or shall add enough land to its width to make
it not less than two nor more than three rods in width, and shall
assess the damages to the owner or owners of the real estate
over or through which the same shall be laid or from whom land
shall be taken and the advantages to the applicant.

"(4) But the damages assessed by the supervisors shall in no
case exceed the price stated in the affidavit of the applicant;
upon laying out such highway, or in adding to the width of a
former private way or road, they shall make and sign an order
describing the same and file the same with the town clerk to-
gether with their award of damages, which order shall be re-
corded by said clerk; provided, that the amount assessed as ad-
vantages to the applicant shall be paid to the town treasurer be-
fore the order laying out such highway shall be filed.

that his property was landlocked within the meaning of the statute, that he was unable to purchase a right-of-way from any of the owners of the adjoining real estate and requested the Town Board to lay out a highway so that he could have access to a public road.

The Gaethkes were given notice of the application and that their land might be affected by the Town Board. Their attorney wrote to the Town Board opposing the application and insisted that any roadway must be laid out over the Mueller property to County Trunk "J" because of the requirements of 80.13(5), Stats. that the seller of such landlocked parcel provide a fifty foot right-of-way to a public highway.

The Department of Natural Resources investigated the proposal to extend the town road and concluded on January 31, 1974 the extension would "not significantly damage any Department of Natural Resources or public interests."

A hearing on the Dantoin application was held on February 4, 1974. The Board members viewed the site and on February 9, 1974 issued their decision in which

"(5) Whenever land in any town which is accessible, or provided with a right of way to a public highway, is subdivided and the owner thereof sells and transfers a part thereof or sells a parcel of said land by metes and bounds, which part or parcel would otherwise be landlocked and shut out from all public highways other than a waterway, by reason of being surrounded on all sides by real estate belonging to other persons or by such real estate and by water without an adequate right of way to a public highway, the seller shall in so subdividing said land or a part thereof or in selling a parcel of said land by metes and bounds provide a cleared right of way at least 50 feet in width which shall be continuous from the highway to each part, parcel, lot or subdivision sold. In case the seller fails to do so the town board may, pursuant to proceedings under this section, lay out a road from such inaccessible land to the public highway over the remaining lands of the seller without assessment to the latter of damages or compensations therefor."

they concluded that the Dantoin "parcel can best be served by extending the existing town road westerly ninety feet into the Gaethke property." Damages to be awarded the Gaethke's were assessed at $100 for taking the ninety foot by thirty-three foot parcel for the road extension and benefit to Dantoin was assessed at $100 also. The order laying out the highway was dated March 23, 1974.

The Circuit Court issued a writ of certiorari to review the Town Board's action pursuant to a petition filed on behalf of the Gaethkes. By stipulation of the parties the Circuit Court Judge viewed the area in question. The Circuit Court affirmed and approved the action of the Town Board in its judgment of October 5, 1976 and it is from that judgment this appeal was taken.

The Gaethkes point out that sec. 80.13(5), Stats. requires the seller of a part of his land that will be landlocked to provide a cleared right-of-way fifty feet in width from the highway to the parcel sold. The Gaethkes argue that the Town Board is not authorized to proceed under 80.13(3), Stats. because the onus is on Dantoin to "take advantage of the specific provisions of sec. 80.13 (5), Stats. which required Mr. Mueller to provide him with a road right-of-way."

However, the statute itself clearly defines when the owner of a landlocked parcel of land is in a position to request action by the Town Board. Such action may be requested when such owner presents an affidavit that his land is shut out from all public highways and is surrounded by real estate belonging to other persons and that he is unable to purchase from any such owners the right-of-way over such lands to a public highway.

Such an affidavit was presented to the Town Board by Mr. Dantoin and the record is barren of any proof to the contrary as to the allegations alleged therein.

The Town Board being satisfied such were the facts could then proceed. Whether a Town Board grants such a request is within its discretion and may depend on many factors. Likewise where the road should be laid out is also within its discretion. The Town Board under the statute is not restricted to laying out a road over the land of a seller who sub-divides and fails to provide a right-of-way. The Statute, 80.13(3) says the town supervisors "shall . . . in their discretion proceed to lay out such highway." In the exercise of discretion the Town Board may decide not to lay out a road at all. Or if it decides to do so the section provides for a damage award to the party over whose land the road is laid. But where it shall be laid out, over what route and over whose land is within the Town Board's discretion. The only restriction is that such road shall not be more than three rods nor less than two rods in width. If the route chosen is over the land of a seller who failed to provide a right-of-way under 80.13(5) then the added restriction is made that no damages in compensation shall be paid to such seller. The Town Board in the exercise of its discretion can proceed either under 80.13(3) or 80.13(5). It is not restricted to laying out a road over land of the seller. In the case here, the Town Board was not limited to laying out a highway only over the Mueller land.

If the Town Board had refused to act, what Mr. Dantoin's rights might have been against Mueller under 80.13(5), Stats. is not before us. But the Town Board did act. The Town Board having before it the required allegations contained in Dantoin's affidavit and being satisfied as to the facts related therein, was authorized to proceed and did so. We agree with the trial court that it was within the discretion of the Town Board to order an extension of the existing town road ninety feet rather than building a road from County Trunk "J" to the

Dantoin property approximately 2,640 feet. Under 80.13 (5), the Town Board would not have had to pay any compensation to Mueller whereas they did have to pay compensation for the land taken from Gaethke. The statute clearly contemplates that a Town Board may proceed to give highway access to a landlocked parcel where the seller, though able, has failed to do so.

This court in *Northern States P. Co. v. Bd. of Supv.,* 57 Wis.2d 118, 126, 203 N.W.2d 878 (1973) in referring to 80.13(5), Stats. said:

"As is obvious, this subsection does not contemplate the permanent foreclosure of landlocked property from access to a public highway where a seller neglects to provide such access to the land he subdivides. Sec 80.13 (5), Stats., in no way bars the town from laying the disputed highway to the [applicant's] parcel."

We hold that under the facts presented by the record here the Town Board had the authority to proceed to lay out a road to the Dantoin property and further that there was no abuse of discretion in deciding to provide access by the shorter route.

*By the Court.*—Judgment affirmed.