Glenn E. TAGATZ, Plaintiff-Respondent,†

v.

TOWNSHIP OF CRYSTAL LAKE, Defendant-Appellant.

Court of Appeals

*No. 00–1035. Submitted on briefs November 7, 2000.—Decided March 29, 2001.*

2001 WI App 80

(Also reported in 626 N.W.2d 23.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John E. Thiel* of *Godfrey & Kahn, S.C.*, Appleton.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Bernard N. Bult* of *Bernard N. Bult, S.C.*, Princeton.

Before Dykman, P.J., Roggensack and Mason, JJ.[1]

¶ 1. MASON, J. The Town of Crystal Lake appeals a judgment requiring the Town to lay out a road to Glenn Tagatz's landlocked property. The trial court, construing WIS. STAT. § 80.13(3) (1997–98),[2] concluded that the Town was required to build a road to a

---

[1] Circuit Judge James M. Mason is sitting by special assignment pursuant to the Judicial Exchange Program.

[2] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted. WISCONSIN STAT. § 80.13(3) provides:

> The [town] supervisors shall meet at the appointed time and place and shall then in their discretion proceed to lay out such highway of not more than three nor less than two rods in width to such real estate, or shall add enough land to its width to make it not less than two nor more than three rods in width, and shall assess the damages to the owner or owners of the real estate over or through which the same shall be laid or from whom land shall be taken and the advantages to the applicant.

landlocked parcel if asked to do so. We conclude that the Town has discretion under § 80.13(3) to decide whether it is in the public interest to build a road to a landlocked parcel. We also conclude that the Town properly exercised its discretion in deciding not to build the road. We therefore reverse.

¶ 2. The construction of a statute is a question of law that we review de novo. *Board of Regents v. Personnel Comm'n*, 103 Wis. 2d 545, 551, 309 N.W.2d 366 (Ct. App. 1981). If a statute is unambiguous, we apply its language without looking to extrinsic aids. *Harger v. Caterpillar, Inc.*, 2000 WI App 241, ¶ 3, 239 Wis. 2d 551, 620 N.W.2d 477.

¶ 3. Tagatz owns a very narrow strip of land between Tuttle Lake on the east and several privately owned parcels on the west. Tagatz's parcel has been assessed as a nonbuildable lot. The Town determined that any development of Tagatz's parcel would require at least three variances from local zoning laws.

¶ 4. Tagatz attempted to purchase an easement from his neighbors to the west in order to build an access road to his property across his neighbors' land. Finding that he was unable to make such a purchase, Tagatz petitioned under WIS. STAT. § 80.13, asking the Town to lay out an access road to his land. The Town supervisors held a hearing on Tagatz's petition and denied it.

¶ 5. The Town concluded that the public highway requested by Tagatz was not in the public interest. Tagatz contends that the Town does not have authority to deny his petition; he argues that the Town's discretion is limited to where and how wide the road should be; and he cites WIS. STAT. § 80.13(3), which provides in part:

> The [town] supervisors shall meet at the appointed time and place and shall then *in their discretion* proceed to lay out such highway of not more than three nor less than two rods in width to such real estate . . . .

(Emphasis added.)

¶ 6.   The words "in their discretion," Tagatz contends, apply to the width of the road and to its location. Tagatz argues that the words "in their discretion" do not give the Town discretion whether to lay out such a road.

¶ 7.   We conclude that the words "in their discretion" do not apply merely to the width of the road or its location. WISCONSIN STAT. § 80.13(3) is unambiguous, and authorizes the Town to decide whether to lay out a road: "The supervisors shall meet at the appointed time and place and shall then in their discretion proceed to lay out such highway . . . ."

¶ 8.   We also base our conclusion on *Gaethke v. Town Bd.*, 86 Wis. 2d 495, 273 N.W.2d 764 (1979). In *Gaethke*, the dispute was over the location of an access road. *Id.* at 496. The Gaethkes contended that the town board was not authorized to lay out the road on their property. *Id.* at 499. Instead, they argued the town board was required to lay out the road over land from which the landlocked parcel was cut. *Id.* The supreme court instructed:

> The Town Board being satisfied such were the facts [that the petitioner was landlocked] could then proceed. *Whether a Town Board grants such a request is within its discretion and may depend on many factors*. Likewise where the road should be laid out is also within its discretion. The Town Board under the statute is not restricted to laying out a road over the land of a seller who sub-divides

and fails to provide a right-of-way. The Statute, 80.13(3) says the town supervisors "shall . . . in their discretion proceed to lay out such highway." *In the exercise of discretion the Town Board may decide not to lay out a road at all. Or if it decides to do so* the section provides for a damage award to the party over whose land the road is laid. But where it shall be laid out, over what route and over whose land is within the Town Board's discretion. The only restriction is that such road shall not be more than three rods nor less than two rods in width . . . . The Town Board in the exercise of its discretion can proceed either under 80.13(3) or 80.13(5). It is not restricted to laying out a road over land of the seller.

*Id.* at 500 (emphasis added). The issue in *Gaethke* was where the road was to be laid out. However, the court's construction of WIS. STAT. § 80.13(3) indicates that a town board's discretion applies to its decision whether to lay out a road at all. Tagatz contends, and the trial court in the instant case found this language from *Gaethke* to be dictum. But the language was germane to the controversy and is too clear to reject. Where a court's statement is germane to the controversy though not necessarily decisive of the primary issue, it is not dictum. *State v. Fry*, 131 Wis. 2d 153, 184, 388 N.W.2d 565 (1986).

¶ 9. Even if *Gaethke* did not provide clear guidance, we conclude that the plain meaning of WIS. STAT. § 80.13(3) gives town boards the right to exercise discretion in such circumstances. To preclude a town board from exercising its discretion could require town taxpayers to pay for roads to parcels even smaller or less buildable than this one.

¶ 10. We conclude that the Town acted within its authority and did not erroneously exercise its discretion.

*By the Court.*—Judgment reversed.