Thomas R. Jorns, Petitioner-Appellant,
v.
The Town Board of the Town of Jacksonport, Door County, Wisconsin, consisting of and acting by and through Alvin Birnschein, Chairman, George Bagnall, Supervisor, and Jeanne Majeski, Supervisor, Respondent-Respondent.
No. 2005AP2677.
Court of Appeals of Wisconsin, District III.
July 25, 2006.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
PER CURIAM.
¶1 Thomas Jorns appeals a judgment that affirmed the Town Board of the Town of Jacksonport's decision. The Board denied Jorns's petition to construct a public road to his land pursuant to WIS. S TAT. § 80.13(3).[1] Jorns argues the Board erred as a matter of law by: (1) concluding the road would not benefit the public; (2) excluding construction costs from the advantages Jorns obtained from the road's construction; (3) adding municipal ordinance requirements to the statutory requirements of § 80.13; and (4) basing its decision on Jorns's knowledge at purchase of the land's landlocked status. We reject Jorns's arguments and affirm the judgment.

BACKGROUND
¶2 This dispute involves a landlocked parcel that Jorns purchased in September 2001. The parcel is approximately forty acres and is bordered by Lost Lake, farmland and wetland. Jorns unsuccessfully attempted to obtain an easement from adjoining landowners. Jorns eventually petitioned the Board, pursuant to WIS. STAT. § 80.13(3), to construct a public road to allow him to access his parcel.
¶3 The Board heard Jorns's petition in December 2004. An appraiser testified that Jorns's proposed road would diminish the property value of the land across which it would run by $5,700 and enhance Jorns's property's value by $28,000. Jorns also offered evidence that the road's construction would cost approximately $30,000, that he planned to build two homes on the parcel, and that the Managed Forest Land Program in which the parcel was enrolled required him to clear timber from the parcel by 2005.
¶4 The Board's written decision denied Jorns's petition, offering the following reasons:
1. The estimate presented for construction of the road does not include the total cost of building a road as it fails to include paving, tree removal, stump removal, and drainage.
2. Blasting may be required and the cost is not provided for in the road construction estimate provided.
3. The road would benefit only the applicant and his family and would not be a benefit to the public.
4. Approval of this road would be contrary to Town Road Standards of the Town of Jacksonport which require four homes to be served by a new Town Road.
5. The construction of the proposed road could cost the Town substantial expense which would be unreimbursed by the applicant.
¶5 Jorns commenced this certiorari action. The circuit court affirmed the Board's decision, noting that while it might disagree with the Board, the Board had considerable discretion to make the decision.

STANDARD OF REVIEW
¶6 On certiorari review, we review the board's decision, not the decision of the circuit court. Board of Regents v. Dane County Bd. of Adj., 2000 WI App 211, ¶10, 238 Wis. 2d 810, 618 N.W.2d 537. Here, the parties quarrel over the appropriate standard of review, each accusing the other of fabricating an unprecedented standard. However, our review in certiorari actions is well-established and is limited to determining: (1) whether the board kept within its jurisdiction; (2) whether the board proceeded on a correct theory of law; (3) whether the board's action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that the board might make the decision it did. Id.
¶7 Jorns nonetheless argues that all the issues before us are errors of law by the Board and thus subject to our independent review. To the extent Jorns argues that determining the correct legal standard the Board should apply is a question of law reviewed without deference by this court, we agree. See Fabyan v. Waukesha Cty. Bd. of Adj., 2001 WI App 162, ¶12, 246 Wis. 2d 851, 632 N.W.2d 116. However, we generally accord a presumption of correctness and validity to a board's determination and will not substitute our discretion for that committed to the board by the legislature. Town of Hudson v. Hudson Town Bd. of Adj., 158 Wis. 2d 263, 276, 461 N.W.2d 827 (Ct. App. 1990).
¶8 When implementing the statute at issue here, the legislature explicitly granted discretion to town boards: "The town board shall meet at the time and place stated in the notice given under sub. (1) and shall in their discretion lay out a highway ...." WIS. STAT. § 80.13(3)(a) (emphasis added). We have previously determined that WIS. STAT. § 80.13(3) gives boards discretion not only in the placement and size of a road, but also to determine whether it is in the public interest to construct a road at all. Tagatz v. Township of Crystal Lake, 2001 WI App 80, ¶7, 243 Wis. 2d 108, 626 N.W.2d 23.[2]

DISCUSSION
¶9 First, Jorns argues the Board erred when it concluded the road would have no public benefit. He contends a public highway, by definition, serves a public purpose. Thus, he asserts, the Board's conclusion to the contrary is an error of law. Jorns relies on Northern States Power Co. v. Town of Hunter, 57 Wis. 2d 118, 203 N.W.2d 878 (1973), which noted that "private interests are not necessarily antithetical to the public good and interest." Id. at 128.
¶10 The Board responds, and we agree, that public benefit is not assumed as a matter of law, but rather within the Board's discretion. As we concluded in Tagatz, a town "has discretion under [the statute] to decide whether it is in the public interest to build a road to a landlocked parcel." Tagatz, 243 Wis. 2d 108, ¶1. Jorns's argument, taken to its logical conclusion, would require all petitions seeking access to landlocked parcels to be granted, and eliminate the discretion given to towns by the legislature.[3]
¶11 orns argues the Board erred as a matter of law by omitting construction costs from the advantages he obtained from building the road. When a town board orders a highway constructed, the board assesses "the advantages to the applicant." WIS. STAT. § 80.13(3)(b). The value of those "advantages" must be paid by the applicant.
¶12 Jorns contends the Board incorrectly thought it could not pass the cost of construction on to Jorns as part of his "advantages." Jorns claims that the recent amendments to the statute now make explicit what was previously implicit: that the costs of road construction are paid by the applicant.
¶13 However, the Board counters that, while the newly amended statute allows towns to pass construction costs on to the applicant, WIS. STAT. § 80.13, which applied here, does not. The legislative notes to the amendments support the Board's arguments:
NOTE: The definition of "advantages" in s. 82.27(1) is new. Under current s. 80.13, the term "advantages" is not defined. In Roberts v. Town of Springvale, 204 Wis. 2d 110, 552 N.W.2d 898, the court held that advantages "... refers to how much of a financial benefit has inured to the applicant or the enhancement in value of the applicant's land as a result of the town's decision to lay the highway". While the special committee agreed that this was a reasonable construction of the statutory language, it decided that the costs should be allocated differently. Constructing a highway could increase the value of the landlocked property by a far smaller amount than the cost of construction. The result would be that the town would pay the difference between the construction cost and the increased property value. The special committee decided that since the highway would primarily benefit the landowner, the landowner should bear the cost. The new s. 82.27 retains the term "advantages", but defines it as the greater of the increased value of the property or the estimated cost of constructing the highway and the damages paid to the owner.
2003 Wis. Act 214, § 170 (emphasis added). Thus, contrary to Jorns's assertions, the amendments changed the manner in which "advantages" are valued. Because § 80.13 did not include construction costs as "advantages" to be assessed, the Board did not err as a matter of law by not including those costs in their calculations.
¶14 Jorns next argues the Board erred as a matter of law by grafting the Town's road ordinance requirements onto the statutory requirements of WIS. STAT. § 80.13. Section 9 of the Town's Ordinance #01-04 states, "A minimum of (4) occupied residential structures shall be constructed on proposed road." One of the reasons offered by the Board in its decision to reject Jorns's proposed road was that the road would violate the Town ordinance.
¶15 Jorns contends the Board's actions elevate the Town above the legislature and effectively supercede the statute in favor of the ordinance.[4] However, local ordinances may impose stricter standards than similar state regulations as long as they do not conflict. See Konkel v. Town of Raymond, 101 Wis. 2d 704, 709, 305 N.W.2d 190 (Ct. App. 1981). Here, WIS. STAT. § 80.13(3), as interpreted in Tagatz, does not mandate a road be built, instead affording town boards considerable discretion to determine whether to build a road. Nor does the ordinance prevent a road from ever being constructed, as the ordinance on its face allows for variance. TOWN OF JACKSONPORT, WI, ORDINANCE #01-04, § 16 ("Under certain specific conditions Town Board may modify any of the above."). Accordingly, the ordinance and statute do not conflict and the Board's reliance on the ordinance is proper.[5]
¶16 orns argues the Board erred as a matter of law when it relied on the fact that he purchased his parcel knowing it lacked road access. Jorns contends a landowner's knowledge of a parcel's landlocked status is irrelevant, citing NSP, 57 Wis. 2d at 128.
¶17 The Board responds that Jorns's knowledge was not a factor it relied on in making its decision and is not contained in its written decision. The Board contends its written decision contains adequate reasons, which are supported by the record and unrelated to Jorns's knowledge, that support its denial of Jorns's petition. Thus, the Board argues, that board members discussed an additional, irrelevant factor at a meeting does not require reversal.
¶18 Jorns replies that the reasons discussed at the meeting, not the written decision, articulate the Board's "actual" decision. Therefore, Jorns contends, we should look to the Board members' verbal reasoning to determine the basis for the Board's decision.
¶19 Both parties rely on Lamar Central Outdoor, Inc. v. Board of Zoning Appeals of Milwaukee, 2005 WI 117, 284 Wis. 2d 1, 700 N.W.2d 87. In Lamar, the Board rejected an application for a sign variance. The Board's written decision outlined the requirements of the variance ordinance and concluded the requirements had not been met. Our supreme court concluded the written decision lacked reasoning to support the Board's decision but, because no written decision was required, looked to the hearing transcript to decipher the Board's reasoning. Id., ¶34. The Lamar court ultimately concluded, even after reviewing the transcript, that the Board had failed to satisfactorily express its reasoning and reversed the Board's decision. Id., ¶39.
¶20 Here, the Board did issue a written decision and that written decision does contain reasons for rejecting Jorns's petition. Accordingly, there is no reason to look beyond the decision to decipher what was in the mind of each individual board member. See id., ¶43 (Abrahamson, C.J., concurring) ("A written opinion that adequately expresses reasoning in which the requisite number of board members joins is, without question, the reasoning of the Board.").
By the Court.Judgment affirmed.
NOTES
[1] WISCONSIN STAT. § 80.13(3) has since been amended and renumbered. See 2003 Wis. Act 104, § 65 (creating WIS. STAT. § 82.27(4)). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Jorns also argues that Tagatz v. Township of Crystal Lake, 2001 WI App 80, 243 Wis. 2d 108, 626 N.W.2d 23, should be revisited. However, we lack authority to overturn our own precedent. See Cook v. Cook, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997).
[3] In his reply brief, Jorns argues that the Board's conclusion was not supported by the evidence. We generally do not address arguments raised for the first time in a reply brief, and decline to do so here. See Sauk County v. Gumz, 2003 WI App 165, ¶32 n. 13, 266 Wis. 2d 758, 669 N.W.2d 509.
[4] Jorns also contends the ordinance only applies to existing roads, not proposed new roads, and therefore the Board erred by applying the ordinance in a situation for which it was never intended. However, the ordinance states it applies to "acceptance of any future roads" and to "all Town or Private Construction for the purpose of placement on the Town Road System." Jorns's argument is unpersuasive.
[5] Jorns additionally argues that the Town also requires twenty acres per homestead. He contends that when this twenty-acre requirement is added to the four residences requirements, only an extraordinarily large land-locked parcel could obtain a road, making it unlikely that the Board would ever grant a petition. However, the Board counters that the Town has no twenty-acre requirement; rather, the requirement of which Jorns complains is a Door County ordinance.